*E-Filed 5/31/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN DUGAN,<br><br>          Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, et al.,<br><br>          Defendants.<br>_____/ | No. C 13-0405 RS (PR)<br><br>**ORDER TO SHOW CAUSE WHY CERTAIN CLAIMS SHOULD NOT BE DISMISSED** |

In this federal civil rights action, plaintiff alleges that Bank of America and its employees violated his state statutory rights from 1989 to 2012. The Court orders plaintiff to show cause why claims based on alleged incidents occurring from 1989 to January 16, 2011 should not be dismissed as untimely.

As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1. Although the statute of limitations is an affirmative defense that normally may not be raised by the court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense

is complete and obvious from the face of the pleadings or the Court's own records.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).  That is the situation here:  the defense appears complete and obvious from the face of the complaint because this action was filed more than two years after the occurrence of many of the acts and omissions alleged in the complaint.

Accordingly, on or before July 15, 2013, plaintiff must show cause why the claims discussed above should not be dismissed as untimely.  If plaintiff was incarcerated for any period of the relevant time, he must inform the Court in his amended petition and include such details as the date of his conviction and the length of his sentence.  Failure to file a response to this order by July 15, 2013 will result in the dismissal of the entire action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED:  May 31, 2013

RICHARD SEEBORG
United States District Judge